IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID ANDREW SCHMIDT | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv286 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

David Andrew Schmidt, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus challenging a prison disciplinary hearing. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be granted, the disciplinary action expunged from petitioner's record and the forfeited good conduct time credits be restored.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. The respondent filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner was charged with stealing and damaging or destroying property belonging to the State of Texas. The property was two bread bags of powdered milk that petitioner allegedly destroyed by removing them from their original container. The offense report stated the bags were found in petitioner's locker during a search of the cell. The report stated petitioner said he obtained the milk from another inmate to sell.

In the Disciplinary Report and Hearing Record prepared concerning the case, the disciplinary hearing officer stated he based his finding of guilty on petitioner's admission of guilt and the offense report. The contents of the offense report are described above. Petitioner's admission of guilt was based on a statement he allegedly made to his counsel substitute when he told the counsel substitute he did not want to attend his disciplinary hearing. Petitioner denies telling the counsel substitute he

did not want to attend the hearing and denies making an admission of guilt.

The Magistrate Judge concluded this evidence was insufficient to support the conviction. Acknowledging that the evidentiary burden in this proceeding was low, the Magistrate Judge stated there was no evidence that the bread bags of powdered milk found in petitioner's locker belonged to the state or came from a container that belonged to the state. The Magistrate Judge therefore recommended that the petition be granted, the disciplinary case expunged and the forfeited good conduct time credits restored.

In the objections, the respondent contends there was sufficient evidence to support the conviction. The respondent states that while petitioner now denies making the statement, his admission of guilt to his counsel substitute nevertheless constitutes some evidence of his guilt. In addition, the respondent contends the offense report contains the charging officer's statement that the milk found in petitioner's locker belonged to the state. The respondent asserts this statement also constitutes some evidence of petitioner's guilt.

In light of petitioner's contention that he was improperly prevented from attending his disciplinary hearing based on actions of his counsel substitute, the court is not prepared to conclude petitioner's statement to the counsel substitute can be used as evidence of his guilt. Moreover, while the court is aware that on federal habeas review a prison disciplinary conviction will be upheld so long as there is "any evidence in the record" supporting the conviction, *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1983), the Magistrate Judge correctly concluded there was no evidence demonstrating that the property found by the charging officer belonged to the state or came from a container that belonged to the state. The charging officer's conclusory statement that the property belonged to the state is insufficient because there is no factual evidence to support the statement.

In addition, the respondent contends that even if the petition is granted and petitioner's good conduct time credits restored, she objects to the recommendation that the disciplinary proceeding be expunged. She states that in a habeas action, the court is empowered to order that an inmate be released from confinement or, as in this case, direct that action be taken–the restoration of good

conduct time credits–that would result in an inmate being released sooner. However, she contends this is all the court is empowered to do and that once the good conduct time credits are restored, the court lacks the authority to also order the disciplinary action expunged.

The court is of the opinion this point is well-taken. The purpose of a habeas action is to redress any injury a petitioner suffered that affects the fact or duration of his confinement. Restoration of the forfeited good conduct time credits is sufficient to redress the effect of the disciplinary conviction on the fact or duration of petitioner's confinement. It is not necessary to also order that the disciplinary conviction be expunged.

## ORDER

Accordingly, the respondent's objections are **OVERRULED** except with respect to the expungement of the disciplinary conviction. The Report of the Magistrate Judge is **ADOPTED** except with respect to the recommendation that the disciplinary conviction be expunged. A final judgment will be entered granting the petition and directing that the forfeited good conduct time credits be restored.

**SIGNED** this the **18** day of **September, 2017.**

Thad Heartfield
United States District Judge